UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-365-MOC

| | |
|---|---|
| JOEL ELIUD DE LA FUENTE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **<u>ORDER</u>** |

**THIS MATTER** is before the Court on the parties' opposing Motions for Summary Judgment. (Doc. Nos. 13, 15). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

### I.   Administrative History

Plaintiff filed an application for a period of disability and disability income benefits ("DIB") under Title II of the Social Security Act ("Act") on November 21, 2019, alleging disability beginning June 24, 2019. (Tr. 16). The application was denied initially and upon reconsideration. (Tr. 52–61, 68–85).

Plaintiff requested an administrative hearing, which was held on January 15, 2021. (Tr. 16). In a decision dated February 2, 2021, the administrative law judge ("ALJ") denied the application for benefits. (Tr. 13–31). The Appeals Council ("AC") subsequently denied review on May 19, 2021, (Tr. 1–7), making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of that decision. The Commissioner has answered Plaintiff's complaint, and this case is now before the Court for disposition of the parties' cross-motions for summary judgment.

## II. Factual Background

The Court finds that the ALJ's findings of fact are supported by substantial evidence and therefore adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the Court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.

> If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

### IV. Substantial Evidence

#### a. Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

#### b. Sequential Evaluation

The Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2). To qualify for DIB under Title II of the Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements of these sections, be under retirement age, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)–(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### c. The Administrative Decision

In rendering his decision, the ALJ applied the five-step sequential evaluation process set forth in the regulations for evaluating disability claims. See 20 C.F.R. § 404.1520(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24 (2003). At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 24, 2019, the alleged onset of Plaintiff's disability. (Tr. 18).

-4-

Case 3:21-cv-00365-MOC   Document 18   Filed 07/26/22   Page 4 of 9

At Step Two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, stomach wall strain, depression, anxiety, and neurocognitive disorder. (Tr. 18–19). At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 19); see 20 CFR 404.1520(d), 404.1525, 404.1526. The ALJ then determined Plaintiff's RFC, finding that Plaintiff can perform "medium work" with certain limitations. (Tr. 20–21). At Step Four, the ALJ found that Plaintiff is unable to perform past relevant work as a press helper and production worker. (Tr. 25–26). At Step Five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 26–27). Therefore, the ALJ ruled that Plaintiff is not "disabled" within the meaning of the Social Security Act. (Tr. 27).

## V. Discussion

For the reasons below, the Court finds that substantial evidence supports the agency's decision, the ALJ applied the correct legal standards in reaching that decision.

Plaintiff raises challenges the ALJ's decision, arguing the ALJ's RFC is not supported by substantial evidence due to the ALJ's discounting one consulting examiner's opinion within the RFC. As discussed below, these arguments are unavailing. The ALJ's RFC is sufficient to deny benefits at Step 4, or alternatively, at Step 5 of the sequential evaluation. Therefore, the Court will affirm the ALJ's decision and deny Plaintiff's motion.

### a. The ALJ's RFC is Supported by Substantial Evidence, Supporting a Denial at Step 4 or, in the Alternative, at Step 5

Substantial evidence supports the ALJ's RFC. The ALJ found Plaintiff had an RFC for performing medium work. (Tr. 20–21, Finding 5). The ALJ found Plaintiff is limited to occasional climbing of ladders, ropes, or scaffolds, should avoid concentrated exposure to hazards

-5-

(unprotected heights). (Id.). Further, the ALJ found Plaintiff is limited to unskilled work of a routine and repetitive nature in two-hour segments in a stable work environment and at a pace controlled by the worker, pace is non-automated, non-conveyer belt, non-assembly line, non-piece rate. (Id.). The ALJ also found as part of Plaintiff's RFC occasional interpersonal interaction with coworkers, occasional public contact, and concentration is greater than two-hour segments in an eight-hour workday. (Id.). The threshold for substantial supporting evidence of the ALJ's determination is low. As noted, "substantial evidence" means "more than a mere scintilla" but somewhat less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). Therefore, the existence of even a preponderance of contrary evidence would be insufficient to defeat the ALJ's non-severity determination, which in this case is supported by more than a scintilla of evidence.

### b. State Agency Consultants Substantially Support the ALJ's RFC

In this case, the ALJ found "persuasive" the opinion of State Agency examining consultant Dr. Ogu and the psychological opinion of Dr. Fox. (Tr. 25).

#### i. Dr. Ogu's Opinion Substantially Supports the ALJ's RFC

The ALJ found the opinion of State Agency examining consultant Dr. Donatus Ogu persuasive. (Tr. 25). Dr. Ogu opined the Plaintiff's impairments do not affect his ability to sit, stand, move about, lift, carry, handle objects, hear, or speak, and he did not see any physical or mental limitations to work. (Tr. 23). Dr. Ogu examined Plaintiff on June 28, 2020. (Tr. 335). Dr. Ogu's detailed physical examination was basically negative except for subjective reports of a history of abdominal pain and left shoulder pain with no limitation in range of motion. For example, muscle strength was 5/5 with no gait abnormality. (Tr. 337–38). Mentally, Dr. Ogu found Plaintiff alert and oriented to person, place, and time with cognitive functioning intact and normal

affect. (Id.). Therefore, Dr. Ogu's opinion fully supports the ALJ's RFC. Dr. Ogu concluded: "I do not see any physical or mental limitation to work." (Tr. 339).

This opinion of the consulting examiner provides substantial evidentiary support for the RFC. See Lusk v. Astrue, No. 1:11 cv-196-MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing physicians may amount to substantial evidence where they represent a reasonable reading of the relevant evidence).

### ii. Dr. Fox's Psychological Opinion Provides Substantial Evidence for the ALJ's RFC

The ALJ found persuasive the psychological opinion of reviewing consultant Dr. Brett Fox. (Tr. 25). On July 29, 2020, Dr. Fox opined that Plaintiff was capable of adapting to relatively minor changes in an otherwise routine and stable work setting. (Tr. 82). Dr. Fox also found that Plaintiff should be able to interact adequately with others, and he should be able to adapt to the routine interpersonal demands of work. (Tr. 81). Dr. Fox further opined that Plaintiff should be capable of completing simple tasks within a reasonable period of time. (Id.). Dr. Fox did note that, although Plaintiff did not have "significant cognitive issues," he may tend to have trouble with more complicated, detailed directions. (Tr. 80).

### iii. The Court Cannot Resolve Conflicts in Evidence When Reviewing Under a Substantial Evidence Standard

The ALJ found Dr. Kirtley Thornton's July 24, 2020, opinion less persuasive than the other mentioned opinions because there were few objective findings documented in the remaining evidence of record to support the extent of limitations found therein. (Tr. 25). Additionally, the ALJ noted that Plaintiff had received little ongoing mental health treatment and did not report significant memory or cognitive deficits to his treating provider in 2019. (Id.). Despite his other findings, Dr. Thornton also found that Plaintiff exhibited no psychotic process. (Tr. 333).

Plaintiff alleges that the ALJ erred in discounting Dr. Thornton's opinion. (Doc. No. 13 at 7–13). However, it is not this Court's function to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Moreover, it is the duty of the ALJ reviewing a case, and not the responsibility of this Court, to resolve conflicts in the evidence such as conflicting physician opinions. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990), citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the Commissioner and not the courts to resolve inconsistencies in the evidence, and that it is the claimant who bears the risk of non-persuasion.").

Thus, the ALJ's decision to discount Dr. Thornton's testimony does not mean that the decision lacked the substantial evidence required by law. Further, the ALJ based his RFC and resulting decision on a variety of factors, including multiple experts who provided evidence supporting the RFC, as mentioned above. For those reasons, this Court will grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the decision of the Commissioner.

**VI.    Conclusion**

The Court has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson, 402 U.S. at 401, Plaintiff's Motion for Summary

Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED;**

(2) Plaintiff's Motion for Summary Judgment, (Doc. No. 13) is **DENIED;**

(3) The Commissioner's Motion for Summary Judgment, (Doc. No. 15) is **GRANTED;** and

(4) This action is **DISMISSED.**

Signed: July 26, 2022

Max O. Cogburn Jr.
United States District Judge